SYLVESTER L. MALONE, as Administrator, etc., of SYLVESTER MALONE, Deceased, Appellant, *v.* SAINTS PETER AND PAUL'S CHURCH, BROOKLYN, E. D., Respondent.

*Trial by jury — a compulsory reference cannot be ordered in a common-law action brought by an executor or administrator.*

The act of the General Assembly of the Colony of New York, passed December 31, 1768, authorizing the Supreme Court to refer cases, "other than such as shall be brought by or against executors and administrators," involving the examination of a long account, which was revived on February 16, 1771, was continued in force by section 35 of the first Constitution of the State of New York, adopted in 1777.

Consequently, under the provision of section 41 of the Constitution of 1777, "that trial by jury, in all cases in which it hath heretofore been used in the colony of New York, shall be established, and remain inviolate forever," which has been incorporated in section 2 of article 1 of the Constitutions of 1846 and 1894, the Legislature has no power to authorize the court to order, against the will of the plaintiff, a reference in an action brought by an executor or administrator to enforce a common-law liability.

APPEAL by the plaintiff, Sylvester L. Malone, as administrator, etc., of Sylvester Malone, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of December, 1901, referring all the issues in the action to a referee to hear and determine.

*Laurence E. Malone,* for the appellant.

*Herbert T. Ketcham* [*Joseph E. Owens* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

This is an appeal from a compulsory order of reference appointing a referee to hear and determine all the issues in the action.

The suit is upon a common-law cause of action, and the plaintiff sues as an administrator. It is contended in his behalf, upon this appeal, that the court has no power to order a reference for the determination of an issue in an action at common law in which the plaintiff is an executor or administrator. In order to sustain this position the appellant refers to the legislation of the colony of New York which was in force at the time of the adoption of the Constitution of 1777. By an act of the General Assembly, passed December 31, 1768, the Supreme Court was authorized to refer cases which required the examination of long accounts. The statute, however, excepted from its operation actions by or against executors or administrators. That portion of the act material to be considered here provided that "Whenever it shall appear probable in any Cause depending in the Supreme Court of Judicature of this Colony, (other than such as shall be brought by or against Executors or Administrators) that the Trial of the same will require the Examination of a long Account, either on one Side or the other, the said Court is hereby authorized, with or without the Consent of Parties, to refer such Cause by Rule, to be made at Discretion, to Referees, who shall be three such Persons as the Court shall nominate, unless upon naming them, the Parties agree upon and name others or shall elect that three Persons be balloted for out of the Pannel of the Jurors summoned for the Trial of the Cause, in the usual Form of balloting for Jurrors." (Laws of N. Y. [Van Schaack ed.] vol. 2, 1691 to 1773, p. 517.)

This statute expired by its own limitation on January 1, 1771. (§ 4.)

On February 16, 1771, the General Assembly revived the act of 1768, from which we have quoted, and declared that " every Article, Matter, and Clause therein contained, enacted to be and remain in full Force, from the Publication hereof, until the first Day of

February, which will be in the Year of our Lord, One thousand seven hundred and eighty." (Laws of N. Y. [Van Schaack ed.] vol. 2, 1691 to 1773, p. 607.)

The first Constitution of the State of New York, adopted in 1777, continued in force such acts of the Legislature of the colony as were laws on April 19, 1775, subject to such alterations as the Legislature might thereafter make in the same. (§ 35.) It also provided "that trial by jury, in all cases, in which it hath heretofore been used in the colony of New York, shall be established, and remain inviolate forever." (§ 41.)

A similar guaranty of the right of trial by jury is to be found in the Constitutions of 1846 and 1894. The Constitution of 1846 provides "The trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever" (Art. I, § 2.), and precisely the same language is repeated in the Constitution of 1894. (Art. I, § 2.)

These constitutional provisions show that since the adoption of the Constitution of 1777 there has been no power in the Legislature to restrict the right of trial by jury. (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 236, 247.) The language which I have quoted from the colonial statute of 1768, revived in 1771, and in force in 1777, authorizing the compulsory reference of the issues in common-law actions which required the examination of a long account, expressly excepted suits in which executors or administrators were plaintiffs, and the inference is irresistible that when the Constitution of 1777 took effect, an action like the case at bar, instituted by an administrator to enforce a common-law liability, could not be referred to a referee for hearing and determination against the will of the plaintiff. The law at that time gave a plaintiff, suing in such a capacity and upon such a cause of action, the right to have his case tried before a jury, if he preferred; and, as has already been pointed out, there has been no time since that date when the Legislature has possessed any authority to limit or destroy that right.

The course of colonial legislation on the subject of trials before referees was fully considered by the Court of Appeals in the case of *Steck* v. *C. F. & I. Co.* (*supra*), which has already been cited, although the question involved in the case at bar was not raised in that litigation or discussed in the opinion.

My conclusion is that this case belongs to a class in which trial by jury had theretofore been used in the colony of New York at the time of the adoption of the Constitution of 1777, and, hence, for. the reasons which have been stated, the court at Special Term had no jurisdiction to make the order appealed from.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.