(83 App. Div. 80.)

MALONE v. SAINTS PETER AND PAUL'S CHURCH, BROOKLYN, E. D.

(Supreme Court, Appellate Division, Second Department.   May 28, 1903.)

1. REFERENCE—REVERSAL OF ORDER—EFFECT—RENEWAL OF APPLICATION.
    Where an order of the Appellate Division, reversing an order of reference in an action, was silent as to the reasons which induced the court's action, it was no bar to a subsequent application for leave to renew the motion on additional evidence.

Appeal from Special Term, Kings County.

Action by Sylvester L. Malone, as administrator of the estate of Sylvester Malone, deceased, against Saints Peter and Paul's Church, Brooklyn, E. D.   From an order denying defendant's motion for a reference of the issues it appeals, and plaintiff appeals from so much of the order as grants defendant's motion for leave to renew its motion for reference.   Order denying reference reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Lawrence E. Malone, for plaintiff.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for defendant.

WILLARD BARTLETT, J.   The original order of reference in this action was reversed by the Appellate Division.   Malone v. Saints Peter and Paul's Church, 69 App. Div. 420, 74 N. Y. Supp. 1005. Although the opinion based the reversal on the ground of want of jurisdiction, the order was silent as to the reasons which induced the court's action.   It simply reversed the order appealed from, and denied the motion.   Upon an appeal by permission to the Court of Appeals, a majority of the judges of that tribunal held against us on the question of jurisdiction, but declared that the question certified did not enable it to determine whether the order should be affirmed or reversed, and hence dismissed the appeal.   Malone v. Saints Peter and Paul's Church, 172 N. Y. 269, 64 N. E. 961.   Upon an additional affidavit, strongly tending to show the propriety of a reference, the defendant applied at Special Term for leave to renew the motion. This leave was granted, but the motion was denied upon the ground that the order of reversal in this court was a conclusive determination against the propriety of a reference.   The plaintiff appeals from the order of the Special Term so far as it grants leave to renew the motion, and the defendant appeals from that part of the order by which the application is denied.

We think that the leave to renew was properly granted.   The new affidavit states a number of material facts which support the position of the defendant as to the necessity of a reference, which were not before the court upon the previous application.   The introduction of this affidavit into the case so changes its aspect as to prevent our previous adjudication from being a bar to the application as now renewed.   It is argued that that adjudication is conclusive, because it is left unaffected by the dismissal of the appeal in the Court of Appeals, and hence that it amounts to a determination that, as matter of law, no reference can be ordered in such an action as this.   Technically,

this argument might be sound, if our order of reversal had specified that it was based upon a want of jurisdiction in the Special Term. It will be observed, however, that the order is silent on this subject, and resort cannot be had to the opinion to limit the effect of the order.

A consideration of the pleadings and all the affidavits and papers in the record now before the court satisfies us that this is a proper case for a reference, unless there is some legal obstacle to that method of trial. The decision of the Court of Appeals shows that the legal objection which was supposed to exist is untenable, and, inasmuch as the proofs bring the case fairly within the class of actions in which a compulsory reference may be ordered, we think that the action should be sent to a referee for trial.

Order, so far as it denies motion for reference, reversed, with $10 costs and disbursements, and motion granted, with costs to abide the event. All concur.